```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

STEPHEN FANUS,                  )
                                )
          Plaintiff,            )
                                )
v.                              )   Civil Action No.
                                )   14-10304-DPW
UNION SECUIRTY INSURANCE        )
COMPANY and ASSURANT,           )
                                )
          Defendants.           )
```

MEMORANDUM & ORDER
March 25, 2016

The *pro se* plaintiff in this case on March 7, 2016 filed an objection [Dkt. No. 59] to the Magistrate Judge's Report and Recommendation [Dkt. No. 51] dated February 23, 2016. Having carefully reviewed that Objection, which in turn reflects systematic analysis by plaintiff of the Report and Recommendation[1], I overrule the Objection.

---

[1] Certain of plaintiff's communications with the Court have introduced a measure of confusion to evaluation of the Report and Recommendation and his objection to it. The plaintiff anachronistically refers to the Report and Recommendation as having been filed on March (sic), 23, 2015 (sic) in his 33 page Opposition [Dkt. No. 59], itself filed March 17, 2016. As noted in the text above, the Report and Recommendation was filed on February 23, 2016. Moreover, on March 18, 2016, the day after plaintiff filed his lengthy Opposition, the Magistrate Judge's Clerk reported that the plaintiff called to say he had never received a copy of the Report and Recommendation. His Opposition, however, demonstrates the plaintiff fully reviewed the Report and Recommendation. His introduction of confusion about the Report and Recommendation, whether intentional or negligent, does not dissuade me from acting on it after review of plaintiff's Opposition.

While I share the views expressed in the Report and Recommendation that as a substantive matter judgment affirming the defendant's administrative decision would be appropriate, it appears that plaintiff's challenge to that decision — through this litigation — stumbles at the threshold.  I conclude that the United States Court of Appeals for the Tenth Circuit correctly stated the law of judicial review in this circumstance by holding that one who has only engaged in first-level administrative review and has failed to engage in second-level administrative review is barred from pursuing judicial review because administrative remedies have not been fully exhausted. *Holmes* v. *Colorado Coalition for Homeless Long Term Disability Plan,* 762 F.3d 1195, 1203-04 (10th Cir. 2014).  I find that the plaintiff here has failed without cognizable justification fully to exhaust his administrative remedies.  He thus has failed to satisfy a fundamental requisite for judicial review of his ERISA claim dispute.

Accordingly, I hereby ADOPT the Report and Recommendation of the Magistrate Judge and direct the Clerk to enter final judgment in this matter for the defendant, affirming the defendant's administrative decision.

/s/ *Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE